Argued June 18, affirmed July 8, 1975

STATE OF OREGON, *Respondent, v.* GUS
LAVERNE HILLER (No. C 74-11-3423 Cr),
*Appellant.*
537 P2d 571

*George A. Haslett, Jr.,* Portland, argued the cause
and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,

Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from his conviction of promoting gambling in the second degree (ORS 167.122). He assigns as error the trial court's denial of his motion for acquittal. The motion for acquittal was based on the contention that there was no evidence to support the finding of guilt.

ORS 167.122(1) provides that:

"A person commits the crime of promoting gambling in the second degree if he knowingly promotes or profits from unlawful gambling."

ORS 167.117(9) provides that:

" 'Promotes gambling' means that a person, *acting other than as a player,* engages in conduct that materially aids any form of gambling * * *." (Emphasis supplied.)

ORS 167.117(7) defines a player as

"* * * a person who engages in any form of gambling *solely* as a contestant or bettor, without receiving or becoming entitled to receive any profit therefrom other than personal gambling winnings, *and without otherwise rendering any material assistance to the* establishment, *conduct* or operation *of the particular gambling activity* * * *." (Emphasis supplied.)

Defendant insists that the facts of the case show that he was acting solely as a player and as such was outside the purview of ORS 167.117(9) and 167.122.

Defendant was bartender and manager of a restaurant and lounge in Portland on August 29, 1974. A Mr. Campbell was playing a dice game with the defendant for $10 and $20 bills lying in stacks before them on the bar. Campbell testified that he had come to collect $337 which the defendant owed Campbell for an automobile. Defendant paid him the money, then Campbell bought drinks for the house, and the gambling between the two commenced, at the suggestion of Campbell "in a joking manner." Campbell spent about $87. It was not established how much of that amount, if any, was lost by Campbell in the dice game; nor was it established whether either party sustained any net loss in the evening's wagering. The defendant did not testify. Campbell testified that to promote auto sales he often spent $100 an evening in a bar.

The owner of the establishment testified that the dice and dice box belonged to the restaurant, and were kept there for use only in "rolling for music."

The state also brought into evidence two posters from Harold's Club in Reno which were displayed in the establishment. The posters were identical to each other and depicted a gambling table. The posters did not, however, invite patrons to gamble.

The trial judge, in a letter opinion, held that
"* * * the purpose of the statute was to exclude people who were merely players and not to exclude a person who, in addition to being a player, was engaged in other conduct that materially aided in any form of gambling * * *."

■■ The state correctly points out that in passing on a motion for acquittal the evidence is to be viewed in the light most favorable to the state and the trial court's denial of the motion will be upheld if there is any substantial evidence to support the verdict.

*State v. Miller,* 14 Or App 608, 611, 513 P2d 1199, Sup Ct *review denied* (1973). The trial court could take into consideration the bias of the witnesses and the interest they had in the outcome of the case and was not bound to believe the testimony of the witnesses if other evidence rendered such testimony doubtful or unbelievable.

ORS 167.117(9) provides that:

> " 'Promotes gambling' means that a person, acting other than as a player, engages in conduct that materially aids any form of gambling. Conduct of this nature includes, but is not limited to, conduct directed toward the creation or establishment of the particular game, contest, scheme, device or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the conduct of the playing phases thereof, toward the arrangement of any of its financial or recording phases or toward any other phase of its operation. *A person promotes gambling if, having control* or right of control *over premises being used with his knowledge for purposes of gambling, he* permits the gambling to occur or *continue* or makes no effort to prevent its occurrence or continuation." (Emphasis supplied.)

■■ We agree that the last sentence of the subsection, read with the rest of the statutes on the same subject, makes the defendant guilty of promoting gambling since defendant, as "manager" of the premises, (a) had the right of control thereof, and (b) permitted the dice game to occur on the premises. Defendant contends that, notwithstanding his employment status as manager, he was participating solely as a player and therefore entitled to the exemption of the first sentence of the same subsection. The statutes must be read *in pari materia.* He was

not, even if we do not view the evidence in the light most favorable to the state, "solely" a player. He was manager of the premises, and was providing the place and the equipment which rendered "material assistance to the * * * conduct * * * of the particular gambling activity * * *." ORS 167.117(7). Where statutes are clear in their terms, there is no need to, rather it is improper to, proceed with the application of rules of statutory construction. *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 166, 272 P2d 965 (1954); *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972).

Affirmed.