**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SENGCHANH DIA SAVATH,

Defendant - Appellant.

No. 09-30313

D.C. No. 6:06-cr-60050-HO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted August 31, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sengchanh Dia Savath ("Savath"), convicted of drug[1] and firearm[2] offenses, appeals the denial of his motions: (1) to suppress a handgun found inside a bag in his vehicle during a roadside stop; and (2) for judgment of acquittal on the drug-related firearm possession charge. We affirm.

### *Handgun Found in Vehicle*

Savath was driving with passengers Brian Jump ("Jump") and Dawnette Boone ("Boone") to a drug deal when law enforcement stopped the vehicle. The purpose of the stop was to arrest Jump, who had an outstanding warrant for his arrest for parole violations, and who had also been observed violating the terms of a restraining order immediately prior to entering the car Savath was driving. After Jump was arrested, Savath was told the purpose of Jump's arrest and asked for identification.

When Savath revealed he did not have a valid driver's license, a computer check run on his name showed multiple outstanding arrest warrants. Savath was then arrested and placed in the backseat of a patrol car. He requested that law enforcement release the car to Boone rather than impounding it. Boone, appearing visibly nervous

---

[1] Conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a), (b)(1)(C).

[2] Possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(1), (c)(2), and Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1).

when asked for her identification, was questioned about the purpose of the trio's trip. Boone eventually admitted that she, Savath, and Jump were on their way to a drug deal. The trio's vehicle was then searched and a loaded handgun and several loose rounds of ammunition were discovered in the same bag from which Savath had earlier produced his identification.

Savath argues that the stop to arrest Jump was insufficient to justify the search of his car, and that the request for identification subjected him to an unlawful seizure by extending the stop's duration without legal justification. We disagree.

A.    Initial Stop

It is undisputed that the arrest warrants for Jump were valid and that law enforcement knew Jump was traveling in Savath's car. Officers may stop a vehicle in which they reasonably believe the subject of a warrant is traveling to execute the warrant. *United States v. O'Connor*, 658 F.2d 688, 691 (9th Cir. 1981). Jump's outstanding warrants clearly provided probable cause to stop Savath's car.

B.    Request for Identification and Duration of the Stop

Savath's contention that the request for his identification was a violation of the Fourth Amendment is without merit. "The police may ask people who have legitimately been stopped for identification without conducting a Fourth Amendment search or seizure." *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152-53 (9th

3

Cir. 2007). *See also Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt County*, 542 U.S. 177, 185 (2004). Just as the stop of Savath's vehicle to arrest Jump was reasonable, so too was the duration of the stop, including the few minutes spent seeking identification from Savath. Neither of these law enforcement actions violated Savath's Fourth Amendment rights. *See United States v. Turvin*, 517 F.3d 1097, 1101-02 (9th Cir. 2008).

C. Questioning of Boone and Probable Cause

Because Savath requested that his car be released to Boone after his arrest, it was reasonable to briefly question Boone about her identity and capacity to operate the vehicle. *Diaz-Castaneda*, 494 F.3d at 1153. Boone's nervous behavior justified additional questions about her demeanor and the purpose of the trip, and necessarily supported the officer's rational suspicion that criminal activity might be afoot. *O'Connor*, 658 F.2d at 691.

"[A] warrantless search of an automobile, based upon probable cause to believe that the vehicle contained evidence of crime in light of an exigency arising out of the likely disappearance of the vehicle, d[oes] not contravene the Warrant Clause of the Fourth Amendment." *California v. Acevedo*, 500 U.S. 565, 569 (1991) (citing *Carroll v. United States*, 267 U.S. 132, 158-59 (1925)). *See also Arizona v. Gant*, 129 S. Ct. 1710, 1721 (2009) (vehicle search need not relate to the offense of arrest); *United*

4

*States v. Ross*, 456 U.S. 798, 820-21 (1982) (probable cause to search vehicle justifies search of containers possibly concealing object of the search).

Boone's admission that the purpose of the trip was to consummate a drug deal provided probable cause to believe that evidence of illegal activity would be found in Savath's car. The fact that any such evidence might disappear with Boone if the car were released to her created exigent circumstances sufficient to justify searching the vehicle. Denial of Savath's suppression motion was therefore proper.

***Motions for Judgment of Acquittal***

In arguing that his motions for judgment of acquittal on the drug-related firearm possession count were erroneously denied, Savath contests only the "in furtherance" element of the offense. He argues the court erred in finding that the government sufficiently proved the specific nexus required between the gun in his bag and the drug crime.[3] Evaluation of the "in furtherance" element is a fact-based inquiry requiring consideration of the totality of the circumstances. *United States v. Mosley*, 465 F.3d 412, 418 (9th Cir. 2006). "[S]ufficient evidence supports a conviction under § 924(c) when facts in evidence reveal a nexus between the guns discovered and the

---

[3]18 U.S.C. § 924(c) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment for such crime . . . be sentenced to a term of imprisonment of not less than 5 years."

5

underlying offense." *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004).

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that Savath possessed the gun in furtherance of the drug crime. Savath placed the bag containing the loaded gun and additional loose rounds in his car just before meeting Jump to go to a drug deal. The gun was freely accessible to him in the car. He could easily conceal the gun in the bag and carry it, undetected, to the deal. Additionally, the government provided expert testimony that guns are commonly involved in drug deals where the buyer and seller meet, as was the case here. No error resulted from the denial of these motions.

**AFFIRMED**.