Argued August 24, affirmed September 14, petition for rehearing denied October 18, petition for review denied December 11, 1973

STATE OF OREGON, *Respondent, v.* FRENCH LEE MILLER (No. C 72-10-3297 Cr), *Appellant.*

513 P2d 1199

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant. A supplementary brief was filed by appellant French Lee Miller, pro se.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant was convicted after jury trial of

robbery in the second degree. ORS 164.405.[1] On appeal he contends that the trial court erred:

(1) In denying defendant's motions for a judgment of acquittal and a directed verdict; and

(2) In allowing a defense witness to refuse to testify on account of a claim of self-incrimination.

In support of his first assignment defendant asserts that the state failed to offer sufficient evidence to establish that he was aided by a second person actually present during the course of the robbery, a necessary element of the crime.

The victim of the robbery, an elderly woman, had parked her automobile in a lighted parking lot of a Portland restaurant, intending to enter the restaurant. She stepped from her car, closed the door, and was in the act of locking the car door with her key when she was grabbed from behind. She testified that her assailant threw her against the car door, struck her on the jaw with his fist, pulled her purse from her grasp and ran from the scene. She also testified that during the course of the attack she observed another young man standing across the parking lot approximately 25 feet from her, and that the second young man and her assailant ran from the scene together following the purse snatching. The victim testified that the defendant was the person who struck her with his fist and took her purse.

---

[1] ORS 164.405 provides:

"(1) A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

"(a) Represents by word or conduct that he is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present.

"(2) Robbery in the second degree is a Class B felony."

■ In passing upon denials of motions for a judgment of acquittal and a directed verdict of acquittal, this court reviews the evidence in the light most favorable to the state and will sustain the trial court's action if there is any substantial evidence to support the verdict. *State v. Livingston,* 2 Or App 587, 469 P2d 632 (1970); *State v. Nix,* 7 Or App 383, 491 P2d 635 (1971).

The question of whether the second person present was close enough to aid defendant, as required to constitute robbery in the second degree under ORS 164.405, was for the jury to determine.

■ The term "aided by another person actually present" as used in ORS 164.405 includes a person who is at hand, or within reach, sight or call, and who presents an added threat to the victim's safety. *See,* Proposed Oregon Criminal Code 154-57, Commentary, §§ 148 to 150 (1970).

■ We conclude that the jury could legitimately infer that 25 feet away across a parking lot would constitute easy access to aid the defendant, if necessary, and would be in sufficient proximity not only to present a jury question but to support the finding of the jury that defendant was aided by a second person actually present. *State v. Smith,* 12 Or App 112, 117, 504 P2d 1072, Sup Ct *review denied* (1973).

■ A verdict reached under proper instructions cannot be disturbed if there is any competent evidence to support each material allegation contained in the indictment. Oregon Constitution, Art VII (amended), § 3; *State v. Broom et al.,* 135 Or 641, 297 P 340 (1931).

■ Defendant's second assignment is that the trial judge erred in allowing a defense witness, Susan Bliss, to refuse to testify on account of a claim of self-incrimination.

A brief explanation of the facts is necessary in order to understand this assignment.

The defense's theory was that because other persons had possession of the fruits of the robbery, including a credit card taken from the victim's purse, this was evidence that the defendant did not commit the robbery.

The evidence was that Susan Bliss was arrested, tried and convicted for forgery in connection with using the victim's stolen credit card at the Portland store which had previously issued it, and that defendant was present on at least one of the occasions when Miss Bliss attempted to use the credit card.

Since Miss Bliss still had exposure to an additional charge of theft by receiving stolen property in connection with the credit card transaction (she had pleaded guilty only to forgery), the trial judge did not err in allowing her to refuse to testify on account of her claim of possible self-incrimination.

Defendant has prepared and filed in his own behalf with our permission what he terms a "Supplemental Appellant's Brief," requesting that this court consider the "contentions" therein. A reading of this document, however, shows that it is not a brief but rather a listing of a series of events which purportedly occurred during both preliminary proceedings and the trial which defendant feels involved reversible errors. The document does not contain any page references to the transcript, does not set forth the rulings below, nor does it indicate whether the claimed errors were in fact preserved by appropriate objection. Defendant concludes his list of items with the statement that his appellate counsel, the Public Defender's office, has declined to include any of these items in the regular brief.

Rule 2.35 of the Rules of Procedure adopted by this court provides in part:

"* * * The assignments of error must be specific and must set out haec verba the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

■ It is the responsibility of the defendant, rather than the appellate court, to identify the portions of the transcript where the alleged errors may be found and examined. As stated above, "* * * [a]ssignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered." Rule 2.35. *See also, State v. Sluder,* 1 Or App 457, 463 P2d 594 (1970).

Affirmed.