Argued and submitted January 31, affirmed April 11,
petition for review denied August 14, 2007 (343 Or 206)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LOUIS EUGENE JACKSON,
*Defendant-Appellant.*

Hood River County Circuit Court
040108CR; A126295

157 P3d 239

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals a judgment of conviction for robbery in the second degree, ORS 164.405(1)(b),[1] assigning error to the denial of his motion for judgment of acquittal (MJOA). In particular, defendant argues that the state's evidence proved only that his codefendant, Rennells, was present in order to facilitate the defendant's getaway from the robbery and that that was insufficient, as a matter of law, to establish that, in committing a third-degree robbery, defendant was "aided by another person actually present" within the meaning of ORS 164.405(1)(b). The state responds that, under ORS 164.405(1)(b), the state was required only to establish that Rennells was in such physical proximity to the robbery as to be readily capable of assisting defendant in exerting force upon the victim. We agree with the state's understanding of the statute and determine that the evidence regarding Rennells's participation was legally sufficient. Accordingly, we affirm.

■ We review a trial court's denial of an MJOA to determine whether, after viewing the facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Viewed consistently with that standard of review, the record establishes the following material facts. On May 18, 2004, defendant and Rennells drove together from Portland to the Hood River Wal-Mart store. As Rennells sat in the car in a "no parking" zone, with the engine running, defendant approached the victim, who was standing outside, in front of the store. The distance from the car to where defendant encountered the victim was roughly 25 feet. Defendant grabbed the victim's purse—and, when the victim did not immediately let go, defendant knocked her to the ground and

---

[1] ORS 164.405(1) provides, in part:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"* * * * *

"(b)  Is aided by another person actually present."

struggled with her for between 10 and 15 seconds until the purse strap broke. Defendant began to run with the purse, leaving the victim on the ground, and, as he did so, Rennells put the car in motion with the passenger side door open. In seconds, defendant jumped into the moving car, and he and Rennells sped away. They were eventually apprehended.

The state charged defendant with multiple crimes, including robbery in the second degree.[2] ORS 164.405(1)(b). The case was tried to the court, and, after the state presented its evidence, defendant moved for a judgment of acquittal on the second-degree robbery charge.[3] Specifically, defendant contended that he could only be liable, at most, for third-degree robbery, because legislative commentary indicated that the enhancing element of "aided by another person actually present" did not include circumstances in which the coperpetrator merely facilitated the principal robber's escape: "It's not intended to cover a getaway driver * * * to aggravate that up to a Robbery II." In a related sense, defendant contended that *State v. Miller*, 14 Or App 608, 513 P2d 1199 (1973), which we discuss below, was materially factually distinguishable and, thus, not controlling. The trial court denied defendant's MJOA and subsequently convicted defendant of second-degree robbery.

On appeal, defendant advances two related, but distinct, arguments. First, defendant contends that, to prove that an individual is "actually present" to render aid for purposes of ORS 164.405(1)(b), the state must establish not only that second person's physical proximity and capability of intervening but also that his or her "purpose" for being present at the robbery was to reinforce the use or threatened use of violence against the victim. That is, in defendant's view, the statute's "actually present" element encompasses both objective (proximity and capability) and subjective (purpose)

---

[2] Defendant was also convicted of assault in the fourth degree, ORS 163.160, and theft in the second degree, ORS 164.045. He does not challenge either of those convictions.

[3] Defendant and Rennells were tried at the same time, with Rennells's case being tried to a jury. Rennells, who was also ultimately convicted of second-degree robbery, also unsuccessfully moved for a judgment of acquittal on that charge. Rennells's appeal, in which he assigns error to that ruling, is under submission, *State v. Rennells*, A126296.

components. Defendant contends that the evidence in this case supported only one reasonable inference—that Rennells's sole purpose was to assist as a getaway driver—and, thus, the state's proof was insufficient. Second, defendant argues that, even if the state is required to prove only physical proximity and capability of aiding, the legislative commentary accompanying the statute indicates that a jury cannot infer the requisite capability of intervention merely from the physical proximity of another person acting as a getaway driver.

The state counters that the second person's subjective purpose is immaterial under ORS 164.405(1)(b); rather, proof of the coperpetrator's physical proximity to the robbery and capability to intervene is all that is required—and the state adduced such proof with respect to Rennells in this case. The state emphasizes, moreover, that defendant did not raise his present contention regarding subjective "purpose," and the state's alleged failure of proof in that respect, in the trial court.

We begin with defendant's first argument, pertaining to proof of the coperpetrator's (here Rennells's) subjective "purpose." The state is correct that defendant did not raise his present contention before the trial court. Rather, defendant's argument appears to have been limited to the assertion that, as a matter of law, the enhancement of third-degree robbery to second-degree robbery under ORS 164.405(1)(b) is not triggered when the coperpetrator's participation (regardless of his or her "purpose") is limited to facilitating the principal robber's escape. That contention is qualitatively different from the "subjective purpose" argument that defendant now advances. Accordingly, that matter is unpreserved, and we decline to address it. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000); *see also State v. Rumler*, 199 Or App 32, 41, 110 P3d 115 (2005) (summarizing evolution and current state of Court of Appeals' "pragmatic" approach to preservation matters; declining to review newly advanced contention where the trial court would "feel 'blindsided' if we were to reverse on that basis").[4]

---

[4] To be sure, defendant's present argument implicates the proper construction of "[i]s aided by another person actually present." ORS 164.405(1)(b). *Accord State*

We proceed to defendant's second—and preserved—challenge to the sufficiency of the state's proof. Specifically, defendant contends that evidence that, as defendant committed the robbery, Rennells waited in a car roughly 25 feet away with the engine running was insufficient to prove that defendant was "aided by another person actually present." ORS 164.405(1)(b). On appeal, as before the trial court, the success of that argument ultimately depends on whether the circumstances of this case are materially distinguishable from those in *Miller*. Accordingly, we begin with *Miller*.

In *Miller*, the defendant committed a purse snatch by assaulting an elderly woman as she was stepping out of her parked car. 14 Or App at 610. During the assault, a second man was standing across the parking lot, approximately 25 feet away, and he and the defendant then ran from the scene together. *Id.* The defendant was convicted of second-degree robbery, and we affirmed the trial court's denial of his motion for judgment of acquittal:

> "The term 'aided by another person actually present' as used in ORS 164.405 includes a person who is at hand, or within reach, sight or call, and who presents an added threat to the victim's safety. *See*, Proposed Oregon Criminal Code 154-57, Commentary, §§ 148 to 150 (1970).

> "We conclude that the jury could legitimately infer that 25 feet away across a parking lot would constitute easy access to aid the defendant, if necessary, and would be in sufficient proximity not only to present a jury question but to support the finding of the jury that defendant was aided by a second person actually present."

*Id.* at 611. *Cf.* Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report §§ 148-50, 155 (July 1970) ("The language employed is

---

*v. Smith*, 184 Or App 118, 121-23, 55 P3d 553 (2002) (addressing proper interplay between preservation principles and mandate of *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997), that " '[i]n construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties' "). However, here, defendant's unpreserved contention relates not only to the scope and meaning of statutory language but, even more, to whether particular proof was deficient for reasons never urged to the trial court. *See, e.g., State v. Shields*, 184 Or App 505, 509 n 1, 511 n 2, 56 P3d 937 (2002), *rev den*, 335 Or 355 (2003) (for preservation purposes, MJOA must identify, with specificity, alleged deficiencies in state's proof).

intended to include only those situations in which the accomplice is in such proximity of the victim that he is in a position to assist in exerting force upon the victim.").

Defendant acknowledges that the state's evidence placed Rennells in approximately the same proximity to the robbery—roughly 25 feet—as was the coperpetrator in *Miller*. Nevertheless, defendant contends that the dispositive distinction is that, here, Rennells was sitting in a car, as a getaway driver, and that the commentary to ORS 164.405(1)(b) indicates that a jury should not be permitted to infer the requisite capability of intervention merely from the physical proximity of another person acting as a getaway driver. In particular, defendant invokes the following example from the commentary:

> "*A* and *B* together decide to rob *V*'s store. *A*, who is unarmed, goes into the store while *B* waits in the get-away car. *A* tells *V* to hand over his money or *A* will beat him. Both *A and B* are guilty of third degree robbery under § 148(1)(a). Section 149(1)(b) is not violated because *B*, although he is a principal to the crime, is not 'actually present' so as to present an added threat to *V*'s safety."

Commentary at §§ 148-50, 156 (emphasis in original).

Defendant's reliance on that illustration in the commentary is unavailing. That illustration does not suggest that a putative getaway driver who waits while a robbery is being committed can never be found to be "another person actually present" for purposes of ORS 164.405(1)(b). Rather, that determination depends on the totality of the circumstances. In the illustration, the principal robber enters the store, and the robbery is—or, at least, the illustration strongly implies—committed out of the second person's view. That is, because of the physical circumstances, the driver is not so "within reach, sight or call" as to present an immediate "added threat to the victim's safety." *Miller*, 14 Or App at 611. Here, in contrast, the jury could find that the robbery occurred in Rennells's plain view at a distance of less than 10 yards. Further, with the car's engine running, Rennells—perhaps even more than the coperpetrator in *Miller*—presented a very real and immediate "added threat to the victim's safety." *Id. Cf. State v. Hill*, 298 Or 270, 277, 692 P2d

100 (1984) (certain circumstances could render a vehicle a dangerous weapon).

The trial court correctly denied defendant's MJOA.

Affirmed.