STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYLEY JEANNE MORGAN,
*Defendant-Appellant.*

Josephine County Circuit Court
11CR0886; A152692

364 P3d 690

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Edmonds, Senior Judge.

EGAN, J.

## EGAN, J.

Defendant appeals a judgment of conviction, following a bench trial, for second-degree robbery, ORS 164.405(1)(b), among other crimes.[1] Defendant assigns error to her conviction for second-degree robbery, contending that the trial court misconstrued ORS 164.405(1)(b).[2] Defendant asserts that the statute requires that "another person actually present" who aids a defendant must know that the defendant was committing theft and that her boyfriend—Thornton, the person who was with her at the time of the theft—did not know that she had committed theft, thus, he did not aid her within the meaning of the statute. We disagree with defendant and conclude—as did the trial court—that ORS 164.405(1)(b) does not require that "another person actually present" who aids a defendant must know that the defendant was committing theft. In addition, we conclude that the state presented sufficient evidence for a reasonable factfinder to conclude that Thornton aided defendant as that term is used in ORS 164.405(1)(b). In a separate assignment of error, defendant argues that the trial court plainly erred in failing to merge defendant's third-degree robbery conviction with her second-degree robbery conviction. The state concedes that the trial court erred and, for the reasons explained below, we accept that concession and exercise our discretion to correct the error. Accordingly, we reverse defendant's convictions for second-degree robbery (Count 1) and third-degree robbery (Count 2), and remand with instructions to enter a judgment of conviction for one count of second-degree robbery and for resentencing but otherwise affirm.

On appeal of a judgment of conviction, we view the facts in the light most favorable to the state. *State v. Reed,* 173 Or App 185, 187, 21 P3d 137 (2001) (citing *State v. Rose,* 311 Or 274, 276, 810 P2d 839 (1991)). Thornton dropped off defendant and their child at a store and then left to pick up drugs. The store's security officers noticed defendant's

---

[1] Defendant was convicted of second-degree robbery (Count 1), third-degree robbery (Count 2), second-degree theft (Count 3), and recklessly endangering another person (Count 4). Defendant's convictions for second-degree theft and recklessly endangering another person are not contested on appeal.

[2] The text of ORS 164.405(1)(b) is set out below at 274 Or App at 796-97.

suspicious behavior on a surveillance camera and monitored defendant's movement. Thereafter, the security officers noticed that two items were missing from the fitting room that defendant had used.

Thornton then entered the store and held their child while defendant tried on more clothing. After defendant left the fitting room the second time, the security officers concluded that two more items were missing. The security officers waited for defendant and Thornton to pass all points of sale and leave the store and then followed them to the parking lot.

In the parking lot, as defendant placed her child in a car seat, one of the security officers showed defendant his badge and said, "Ma'am I'm with store security and we need to talk about some merchandise that wasn't paid for." Defendant responded, "You're not taking me to jail." She jumped into the passenger side of the car. At that point, the security officer grabbed defendant's right arm and told her to exit the vehicle. Defendant pulled her arm back. Thornton asked what was going on, started the car, and began to rev the engine while the security officer still had hold of defendant's arm.

Thornton began to drive forward with defendant's door still open, and the security officer let go of defendant's arm. By that time, the assistant manager was standing in front of the car. The manager attempted to jump out of the way as the car moved forward. Thornton sped out of the parking lot, driving in an "erratic manner," and ran a red light.

At trial, Thornton testified that he knew that the people following him and defendant out of the store were store security officers. He also testified that he knew the security officers had attempted to stop him and defendant as a result of defendant being in the store.

Defendant was charged with second-degree robbery and third-degree robbery, among other crimes, and waived a jury trial on those charges. During closing argument, defendant argued that she could not be convicted of second-degree robbery because the evidence was legally

insufficient to establish that Thornton knowingly aided her theft. Additionally, defendant noted that Thornton had just bought drugs and thus had an independent reason, aside from the theft, to avoid involvement with law enforcement. In response to defendant's argument, the trial court did not find that Thornton knew that defendant had committed theft. Instead, it concluded that "all I have to find is that [Thornton] knew that she was being sought for something, it was nefarious, criminal, and that he was aiding [defendant] to leave and get out of there." Thus, the trial court ruled that, contrary to defendant's argument, Thornton did not have to know that defendant had committed theft for defendant to be "aided by another person actually present" under ORS 164.405(1)(b). The trial court then found defendant guilty of second-degree robbery and third-degree robbery.

We begin with defendant's first assignment of error. As mentioned, defendant argues that the trial court erred in convicting defendant of second-degree robbery, because the state failed to prove that defendant was "aided by another person actually present" as required by ORS 164.405(1)(b). Defendant contends that Thornton did not aid her, because he did not know that defendant had committed theft and that the trial court erred in concluding the statute did not require such proof. Therefore, the first issue we must resolve is whether ORS 164.405(1)(b) requires Thornton—"another person actually present" who aided defendant—to know that defendant was committing theft. That is an issue of statutory interpretation that we review for errors of law. *State v. Jones*, 223 Or App 611, 616, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009); *see also State v. Barboe*, 253 Or App 367, 375, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013) (whether a trial court properly applied the law to the facts in a bench trial is a question of law).

ORS 164.405 defines second-degree robbery and provides, in part:

"(1)  A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"* * * * *

"(b)   Is aided by another person actually present."

In turn, ORS 164.395 defines third-degree robbery and provides, in part:

"(1)   A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft *** the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a)   Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

Thus, to prove that defendant committed second-degree robbery, the state must establish that defendant committed third-degree robbery and that defendant was "aided by another person actually present." Defendant does not contest her conviction for third-degree robbery; therefore we address only whether defendant was "aided by another person actually present." Defendant argues that, for another person's conduct to constitute aiding while actually present for the purposes of second-degree robbery, that person must have the mental state of intending to promote or facilitate the commission of the theft such that "another person actually present" who aids the defendant would be subject to criminal liability for the defendant's conduct. Defendant relies on ORS 161.155, the accomplice liability statute, in support of her argument.

In interpreting a statute, we first look at the text and context of the statute, then consider legislative history if it appears useful to the courts analysis. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993); *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009).

The text of ORS 164.405(1)(b)—"aided by another person actually present"—*does not* require "another person actually present" who aids the defendant to have a specific mental state when aiding the defendant; rather, the statute requires "another person actually present" who aids the defendant to assist the defendant in some manner and requires that the person who aids the defendant must be actually present. In contrast, the text of ORS 161.155—the accomplice liability statute—*does* require

"another person actually present" who aids the defendant to have a specific mental state to be criminally liable for the conduct of another person. ORS 161.155 provides, as relevant:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b)   Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]"

In that statute, the legislature has made the mental state of intent to promote or facilitate the commission of the crime an additional element for a person to be criminally liable for another person's conduct. In contrast, ORS 164.405(1)(b) does not require proof of the element of an intent to promote or facilitate the commission of a crime of another person. That distinction is essential to our rejection of defendant's argument. *See also State v. Hesedahl*, 247 Or App 285, 290, 269 P3d 90 (2011), *rev den*, 351 Or 649 (2012) (making a similar observation that, in contrast to ORS 161.155, ORS 163.165(1)(e)—the third-degree assault statute that has similar statutory language to ORS 164.405(1)(b), the statute at issue here—"does not require a subjective intent by the aider to promote or facilitate the assault"). In other words, the legislature could have, but did not include the "intent to promote or facilitate a specific crime" element in ORS 164.405(1)(b).

Nonetheless, defendant relies on the legislative history of the second-degree robbery statute as discussed in *State v. Rennells*, 213 Or App 423, 438-39, 162 P3d 1006 (2007), to arrive at the conclusion that a person must have the mental state of intent to promote or facilitate the commission of the crime under ORS 161.155 to aid another person while actually present for purposes of second-degree robbery. To support that argument, defendant notes that the Commentary to the Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report

§ 149, 155 (July 1970) explains the difference between the "aided by another person actually present" requirement under ORS 164.405(1)(b) and classic accomplice liability under ORS 161.155:

> "It is important to note * * * that inclusion of the factor of actual aid by another person does not affect the doctrine of vicarious responsibility of accomplices for the general acts of the principal. This matter is handled in the general provisions of [the proposed code] covering complicity. The language employed is intended to include only those situations in which the accomplice is in such proximity of the victim that he is in a position to assist in exerting force upon the victim."

*Id.* Contrary to defendant's interpretation, the Commentary states only that ORS 164.405 does not "affect" ORS 161.155—the accomplice liability statute—and that ORS 164.405 pertains to another person actually present who is in sufficient proximity to the victim to assist the defendant in exerting force against the victim. The Commentary does not express a requirement that "another person actually present" who aids defendant under ORS 164.405(1)(b) must also be criminally liable for the principal's conduct under ORS 161.155. *See State v. Miller,* 14 Or App 608, 611, 513 P2d 1199 (1973) (concluding that "the term 'aided by another person actually present' as used in ORS 164.405 includes a person who is at hand, or within reach, sight or call, and who presents an added threat to the victim's safety"); *see also State v. Jackson,* 212 Or App 51, 157 P3d 239, *rev den,* 343 Or 206 (2007) (same). Accordingly, we decline to read the Commentary's short-hand use of the term "accomplice" as an intention to incorporate by reference the provisions of ORS 161.155 into ORS 164.405(1)(b).

Defendant also argues that the Commentary's explanation about the increased danger to the victim when there are two perpetrators of the crime instead of just one supports her argument that "another person actually present" who aids a defendant under ORS 164.405(1)(b) must have the mental state of intent to promote or facilitate the commission of the theft under the requirements of ORS 161.155. That part of the Commentary provides:

"The primary rationale behind paragraph (b) of subsection (1) * * * is the increased danger of an assault on the victim when the *robber is reinforced by another criminal who is actually present.* Furthermore, when two or more persons commit the crime, it indicates greater planning and more likelihood that they are professional criminals."

Commentary § 149 at 155 (emphasis added); *see also Rennells,* 213 Or App at 438 (discussing the Commentary). We agree with defendant that the Commentary emphasizes the increased danger to a victim due to the presence of another person actually present; however, we do not agree that it follows that "another person actually present" who aids the defendant must have the mental state of intent to promote or facilitate the commission of the crime under ORS 161.155. In some cases, "another person actually present" may have taken part in the planning and knows of the specific crime being committed by a defendant; however, there are other instances where "another person actually present" would not know what crime is being committed but could still aid the defendant and be an increased danger to the victim.

Defendant contends that, "[w]ithout a requirement that an accomplice intend to promote or facilitate the specific crime that the principle is committing, an innocent person could be guilty of a crime by aiding and abetting simply by assisting a criminal who is *covertly* committing a crime." (Emphasis in original.) Defendant's argument, however, ignores that Thornton's guilt of a crime is not the issue here.

In this case, the issue is whether defendant was "aided by another person actually present" such that her conduct constitutes second-degree robbery under ORS 164.405(1)(b), not whether Thornton—"another person actually present" who aided defendant—is criminally liable for defendant's acts under ORS 161.155. Moreover, there is no suggestion in ORS 164.405(1)(b) that the legislature intended to require that the state prove the mental state of a third party—"another person actually present"—to convict a defendant of second-degree robbery. *See* ORS 161.095(2) ("Except as provided in ORS 161.105, a person is not guilty of an offense unless *the person acts with a culpable mental state* with respect to each material element of the offense that necessarily requires a culpable mental state." (Emphasis

added.)). Consequently, we reject defendant's argument that ORS 164.405(1)(b) incorporates the mental state requirement from ORS 161.155, such that a defendant cannot be convicted of second-degree robbery unless the person aiding the defendant knows that the person is aiding a theft.[3]

Next, we must decide whether the evidence adduced suffices to satisfy the legal requirements of ORS 164.405 as properly interpreted. "In ruling on the sufficiency of the evidence in a criminal case, the relevant question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989); *see also State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

We conclude that the state presented sufficient evidence for a reasonable factfinder to conclude that Thornton aided defendant's theft. The text, context, and legislative history establish that ORS 164.405(1)(b) does not require "another person actually present" who aids defendant to know that defendant is committing theft. Rather, another person actually present who aids defendant only needs to be in proximity to the victim to be an added threat. *Miller*, 14 Or App at 610 (concluding that defendant was "aided by another person actually present" where defendant snatched a woman's purse while a companion stood approximately 25 feet away and the two fled the scene together); *see also Jackson*, 212 Or App at 53 (concluding that defendant was "aided by another person actually present" where defendant's companion was sitting in a getaway car 25 feet away). Here, Thornton was in the store when defendant stole items, he was next to her walking out of the store, beside her in the car when the security officer identified himself as store security and asked defendant about unpaid merchandise,

---

[3] To the extent the trial court proceeded on the premise that ORS 164.405(1)(b) required "another person actually present" who aids defendant to know defendant was "being sought for something * * * nefarious [and] criminal" when aiding defendant to leave, that premise is erroneous. As we have explained, the focus of ORS 164.405(1)(b) is defendant's mental state and defendant's use of "another person actually present," rather than the mental state of Thornton—"another person actually present" who aided defendant.

and drove defendant away from the store. As a result, a reasonable factfinder could legitimately find that defendant was "aided by another person actually present" because Thornton was within proximity to defendant and the security officers to be an added threat and assisted defendant in her escape.

In defendant's second assignment of error, she contends that the trial court erred in failing to merge her conviction for third-degree robbery with her conviction for second-degree robbery. Defendant concedes that she did not preserve that contention below but asserts that the error is plain and that we should exercise our discretion to correct it. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (the court has discretion to review an unpreserved error of law apparent on the face of the record). The state concedes that the trial court plainly erred. *See also State v. Robinson*, 237 Or App 567, 568, 241 P3d 309 (2010), *rev den*, 349 Or 601 (2011) (concluding that third-degree robbery and second-degree robbery merge, where "both convictions arose out of the same act and one offense is a lesser-included of the other"). We accept the state's concession and, for the same reasons expressed in *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009), we conclude that it is appropriate to exercise our discretion to correct the error. *See id.* (exercising discretion to review and correct the error because "the state has no interest in our refusal to do so[,] * * * the burden on the judicial system in amending its judgment and resentencing the defendant is minimal[,] * * * [and] the ends of justice are served by convicting and sentencing defendant according to the law").

Convictions for second-degree robbery (Count 1) and third-degree robbery (Count 2) reversed and remanded with instructions to enter judgment of conviction for one count of second-degree robbery and for resentencing; otherwise affirmed.