MCSHANE, Judge:
Pursuant to 28 U.S.C. § 2255, Defendant Sengchanh Dia Savath moves to vacate or correct his 30 year sentence imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Because Savath's convictions for Robbery II and Assault IV no longer qualify as predicate offenses under the ACCA, Savath's motion to vacate his sentence is GRANTED. Savath is ordered to be transported to the District of Oregon for resentencing.
BACKGROUND
At Savath's sentencing, the Court adopted the recommendations in the presentence report and sentenced Savath to 360 months under the ACCA. The court found that Mr. Savath qualified for a sentence under the ACCA because he had previously been convicted of three predicate "violent felonies:" (1) an Oregon conviction for Robbery II; (2) an Oregon conviction for Assault II; and (3) an Oregon conviction for Felony Assault IV. See Statements of Reasons at 1, ECF No. 185; ECF No. 151. The Ninth Circuit Court of *1218 Appeals affirmed Savath's conviction. United States v. Savath , 398 Fed.Appx. 237 (9th Cir. 2010), cert. denied , 562 U.S. 1239, 131 S.Ct. 1523, 179 L.Ed.2d 341 (2011). On June 20, 2016, Savath filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his convictions for Robbery II, ORS § 164.405, and Assault IV, ORS § 163.160, no longer qualify as violent felonies in light of Johnson v. United States ("Johnson II") , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which struck down the ACCA residual clause as unconstitutionally vague.
LEGAL FRAMEWORK
Under 28 U.S.C. § 2255, a prisoner may move to have his sentence vacated or corrected if it "was imposed in violation of the Constitution or laws of the United States." § 2255(a). A motion pursuant to § 2255 must be filed within a year from the date on which a petitioner's conviction becomes final, unless an exception applies. Id. § 2255(f)(1). Under § 2255(f)(3), a petitioner may file a motion to vacate if it "assert[s] ... [a] right ... newly recognized by the Supreme Court." Such a motion must be filed one year from "the date on which the right asserted was initially recognized by the Supreme Court," id. , and the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review. Dodd v. United States , 545 U.S. 353, 358-59, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).
DISCUSSION
Both parties agree that: (1) Johnson II provided Savath with a newly recognized right; (2) Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016) held that Johnson II applies retroactively; and (3) Savath's motion is therefore timely. The present case turns on whether Savath's prior Oregon convictions for Robbery II and Assault IV qualify as predicate offenses under the ACCA after Johnson II . If not, Savath's "enhanced" sentence exceeds the statutory maximum.
I. The Categorical Analysis
The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The final clause, emphasized above, is the "residual clause."
After Johnson II , a sentence imposed pursuant to the residual clause of the ACCA violates the Constitution and is subject to collateral attack under 28 U.S.C. § 2255. 135 S.Ct. at 2555-57 ; see also Welch , 136 S.Ct. at 1265 (holding that the rule announced in Johnson II applies retroactively to cases on collateral review). In the wake of these decisions, a prior conviction will only qualify as a violent felony if it: (1) "has an element the use, attempted use, or threatened use of physical force against the person of another," (the "force clause"); or (2) "is burglary, arson, or extortion, [or] involves the use of explosives," (the "enumerated offenses.").
Courts utilize a three-step "categorical approach" when determining whether a state conviction qualifies as a predicate offense under the ACCA. Taylor v. United States , 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ; Descamps v. United States , 570 U.S. 254, 257, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) ; Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). During each step, the court must *1219 "look only to the fact of the conviction and the statutory definition of the prior offense." Taylor , 495 U.S. at 602, 110 S.Ct. 2143. More specifically, at each step the "focus [is] solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic offense or the force clause], while ignoring the particular facts of the case." Mathis , 136 S.Ct. at 2248. The Ninth Circuit recently described this approach-where the court's ability to turn to documents such as a pre-sentence report is severely curtailed-as "counterintuitive." See United States v. Walton , 881 F.3d 768, 771-72 (9th Cir. 2018) ("Counterintuitive though it may seem, to determine whether a defendant's conviction under a state criminal statute qualifies as a violent felony under the force clause, we do not look to the underlying facts of the defendant's actual conviction.").
"At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law." Lopez-Valencia v. Lynch , 798 F.3d 863, 867-68 (9th Cir. 2015). Under the categorical approach, courts do not look beyond the elements of the statute of conviction and must presume that the conviction rests upon the least of the acts criminalized. Ramirez v. Lynch , 810 F.3d 1127, 1131 (9th Cir. 2016). If the state offense criminalizes conduct that falls outside the elements of the federal offense, the state statute is "overbroad." Lopez-Valencia , 798 F.3d at 867-68. Convictions under overbroad statutes will not suffice as predicate offenses. Ramirez v. Lynch , 810 F.3d at 1131.
If the court determines the statute to be overbroad, then the analysis turns to step two, which is to determine if the statute is "divisible." A statute is "divisible" if it "compromises multiple, alternative versions of the crime." Descamps , 570 U.S. at 262, 133 S.Ct. 2276. The focus on this portion of the analysis is to look at state law to resolve whether the statute is divisible. Mathis , 136 S.Ct. at 2256 ; see also United States v. Ankeny , Case No. 3:04-cr-00005-MO-1, 2017 WL 722580, at *4 (D. Or. Feb. 23, 2017) ("To determine whether the elevating conditions are separate elements as opposed to separate means, I must look to Oregon state law."). "The critical distinction between indivisible and divisible statutes is that while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain alternative elements of functionally separate crimes." Rendon v. Holder , 764 F.3d 1077, 1084-85 (9th Cir. 2014). The key inquiry in determining a statute's divisibility is whether a jury would have to be unanimous in finding separate elements. Ramirez , 810 F.3d at 1134
Finally, if the statute is overbroad and divisible, courts proceed to step three, the "modified categorical approach." Lopez-Valencia v. Lynch , 798 F.3d 863, 868 (9th Cir. 2015). Under the modified categorical approach, a court may look at a limited range of documents to determine what formed the basis of the defendant's conviction. Descamps , 570 U.S. at 277-78, 133 S.Ct. 2276 ; Lopez-Valencia , 798 F.3d at 868 ("At this step, we examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating."). Courts look to those documents to ascertain whether the defendant was convicted of a set of elements qualifying as a predicate offense under the ACCA. Mathis , 136 S.Ct. at 2249 ; Ramirez , 810 F.3d at 1131. Of particular interest to Savath's case, while guilty pleas may establish ACCA predicate offenses, the Court's ability to review documents under the modified categorical approach is severely limited.
*1220 Shepard v. United States , 544 U.S. 13, 19, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The documents subject to review, i.e., the Shepard documents, are limited to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. at 26, 125 S.Ct. 1254. The government bears the burden of introducing evidence demonstrating the defendant was convicted of a crime qualifying as a predicate offense under the ACCA. United States v. Pallares-Galan , 359 F.3d 1088, 1099 (9th Cir. 2004) ).
Here, neither party asserts that Robbery II or Assault IV falls within the ACCA's list of enumerated offenses, so my analysis focuses on the force clause. To qualify as a predicate offense under the force clause, the state statute must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force" within the ACCA means "violent force-that is, force capable of causing physical pain or injury to another person." Johnson v. United States ("Johnson I" ), 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).
In determining whether a conviction involves violent force, courts look at the text of the statute and the state courts' interpretation of its terms. United States v. Strickland , 860 F.3d 1224, 1226 (9th Cir. 2017). "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because 'we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized.' " Id. at 1226-27 (quoting Moncrieffe v. Holder , 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) ).
The Ninth Circuit has held that an offense must be committed "knowingly" or "intentionally" to qualify as a violent felony and statutes permitting conviction based upon recklessness or criminal negligence fall outside of the ACCA. See, e.g., United States v. Dixon , 805 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he use of force must be intentional, not just reckless or negligent."); United States v. Parnell , 818 F.3d 974, 982 n.5 (9th Cir. 2016) ("We have held, however, that the ACCA's force clause reaches only offenses requiring the intentional use of force.") ). Given the above framework, I turn to Savath's prior convictions.
II. Robbery II
Savath argues that his prior conviction under ORS § 164.405 does not qualify under the ACCA. ORS § 164.405 provides:
(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.394[2] and the person:
(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or
(b) Is aided by another person actually present.
(2) Robbery in the second degree is a Class B felony.
Savath argues that his Robbery II conviction does not qualify as a predicate offense because it is overbroad and, even assuming the statute is divisible, the Shepard documents available here are inconclusive as to which prong of the statute he was convicted of. As noted above, I agree.
ORS § 164.405(1)(b) is overbroad. One may commit Robbery II by stealing a victim's purse while an accomplice waits in a *1221 vehicle twenty-five feet away. State v. Miller , 14 Or. App. 608, 611, 513 P.2d 1199 (1973). But purse snatching in Oregon, i.e., Robbery III, does not qualify as a violent felony because "[s]tate cases show that Oregon doesn't require physically violent force [to secure a conviction for purse snatching]." Strickland , 860 F.3d at 1227. The Strickland court noted that snatching a purse from a victim's shoulder satisfied Oregon's Robbery III even when the victim "did not feel a tug or 'much of anything' " until after the thief ran away. Id. (quoting State v. Johnson , 215 Or. App. 1, 1, 168 P.3d 312 (2007) ). An identical purse snatching, one also lacking the "physically violent force" necessary under the ACCA, turns into Robbery II with an accomplice standing twenty-five feet away. See Miller , 14 Or. App. at 611, 513 P.2d 1199. I agree with the other judges in this district in concluding ORS § 164.405(1)(b) is overbroad because it does not require the necessary degree of violent physical force. See Ankeny , 2017 WL 722580 at *4 ; United States v. Wicklund , No. 3:15-cr-0015-HZ, 2016 WL 6806341, at *3 (D. Or. Nov. 17, 2016) ( ORS. § 164.405(1)(b) is not a "crime of violence" under the comparable Guidelines force clause).
Because a subsection of ORS § 164.405 is overbroad, the analysis turns to step two, determining whether the statute is divisible. See Mathis , 136 S.Ct. at 2249. Because both parties agree that ORS § 164.405 is a divisible statute,[3] this issue is not contested. See Mem. in Supp. of Mot. to Vacate, ECF No. 183 at 10; Ans. To Defs. Mot. to Vacate, ECF No. 186 at 4-5.
Consequently, the analysis continues to the "modified categorical approach". As outlined above, the Court may review a limited set of documents from Savath's conviction in seeking to determine which prong of the Robbery II statute Savath was convicted of. United States v. Cisneros , 826 F.3d 1190, 1193 (9th Cir. 2016). The government bears the burden of producing documentation demonstrating Savath's conviction qualifies as a predicate offense. See United States v. Pallares-Galan , 359 F.3d 1088, 1099 (9th Cir. 2004) (citing United States v. Franklin , 235 F.3d 1165, 1172 (9th Cir. 2000) ). The government produced an indictment from Lane County, Oregon, and an amended judgment. See Gov. Ex. 2, 3, ECF No. 186. Of note, there is no plea petition in the record to determine a specific admission of guilt.
The government argues Savath's guilty plea admits to violating both Robbery II subsections. In making this argument, the government points to the indictment, which charges Savath with taking property "while representing by word and conduct that the [he] was armed with [a] ... deadly weapon, while aided by another person actually present[.]" Gov. Ex. 2, ECF No. 186. Because this language nearly identically tracks the wording of both prongs for Robbery II, the government argues Savath pleaded guilty to violating both prongs. There are several problems with the government's argument. First, although the indictment charged Savath with Robbery I, Gov. Ex. 2, ECF No. 186, Savath pleaded guilty to "the lesser included crime" of Robbery II, Gov. Ex. 3, ECF No. 186. Additionally, simply because a defendant such as Savath enters a guilty plea to a *1222 "conjunctively phrased charging document," that does not necessarily mean that he admitted guilt to all theories of the crime, just one of them. Young v. Holder , 697 F.3d 976, 986 (9th Cir. 2012) (citing Malta-Espinoza v. Gonzales , 478 F.3d 1080, 1082 n.3 (9th Cir. 2007) ) ("We now adopt the Malta-Espinoza line of cases and hold that, under the modified categorical approach, when a conjunctively phrased charging document alleges several theories of the crime, a guilty plea establishes conviction under at least one of those theories, but not necessarily all of them.") abrogated on other grounds by Moncrieffe , 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013).
Without a clear indication of what portion of the divisible statute the defendant was charged under, "[w]e must presume that the conviction rested upon nothing more than the least of the acts criminalized." Moncrieffe , 569 U.S. at 190-91, 133 S.Ct. 1678 (internal quotation marks and alterations omitted); see also United States v. Walton , 881 F.3d 768, 772 (9th Cir. 2018) ("If the government fails to produce those documents, courts determine whether the 'least of [the] acts' described in the statute can serve as a predicate offense." (quoting Johnson II ) (alterations in original) ).
The Ninth Circuit recently addressed a similar situation, albeit one in which the defendant was labeled a "career offender" under the Sentencing Guidelines. United States v. Lee , 821 F.3d 1124 (9th Cir. 2016). In Lee , the defendant was convicted of distributing crack cocaine and the sentencing court determined that the defendant's prior conviction for Resisting an Executive Officer in violation of California Penal Code § 69(a) was a crime of violence. Id at 1125. On appeal, the Ninth Circuit applied the three-step categorical approach to defendant's guilty plea to resolve whether defendant's predicate offense would qualify him for sentence enhancements under the Guidelines. Id. at 1129. After determining the statute at issue was divisible, the court examined documents from Lee's conviction under the modified categorical approach. Like Savath, Lee pleaded guilty to a conjunctively phrased charging document. Id. Like Oregon's Robbery II, the elements of one prong of California's Resisting an Executive Officer did not constitute a crime of violence. Id. at 1129-30. The Shepard documents in Lee were ultimately inconclusive as to what portion of the statute formed the basis for Lee's conviction. Id. at 1129. Because the court assumed Lee pleaded guilty to only one prong of the conjunctively phrased indictment, and because the statute contained a prong that would not constitute a crime of violence, the court vacated Lee's sentence and remanded for resentencing. Id. at 1129-30.
The reasoning put forth in Lee applies with equal force here. Savath's conviction for ORS § 164.405 is not a "violent felony" under the ACCA. First, the statute is overbroad. Second, assuming that the statute is divisible, the Shepard documents are inconclusive as to what prong Savath was convicted of. Therefore, the presumption is that Savath pleaded guilty to nothing more than the least of the acts criminalized. Moncrieffe , 569 U.S. at 190-91, 133 S.Ct. 1678. Accordingly, Savath's Oregon Robbery II conviction does not qualify as a predicate offense under the ACCA.
III. Assault IV
Savath argues that his conviction for Assault IV under ORS § 163.160 does not qualify as a "violent felony" because the offense can be committed recklessly. The Government contends that the Supreme Court's decision in Voisine v. United States , --- U.S. ----, 136 S.Ct. 2272, 195 L.Ed.2d 736 (2016) expanded the definition of violent felonies to include reckless offenses.
*1223 ORS § 163.160 is a misdemeanor, unless, as in Savath's case, the assault is committed in the immediate presence of, or witnessed by, a minor who is a child of the defendant or victim. Or. Rev. Stat. § 163.160(1), (3)(a). The pertinent sections read as follows:
(1) A person commits the crime of assault in the fourth degree if the person:
(a) Intentionally, knowingly, or recklessly causes physical injury to another; or
(b) With criminal negligence causes physical injury to another by means of a deadly weapon.
* * * *
(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:
(a) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim[.]
Id.[4]
Ninth Circuit precedent requires that violent felonies under the ACCA must be committed intentionally. Dixon , 805 F.3d at 1197 ("[T]he force must be intentional, not just reckless or negligent."); Parnell , 818 F.3d at 982 n.5 ("[T]he ACCA's force clause reaches only offenses requiring the intentional use of force."); Lawrence , 627 F.3d at 1284 ("[The] requirement of intentional use of physical force applies to the ACCA's violent felony predicate."); Walton , 881 F.3d at 775. In the face of this seemingly binding precedent from the Ninth Circuit, the government argues Voisine , a recent Supreme Court case, implicitly overruled the above cases and a felony committed recklessly now qualifies as a predicate offense.
In Voisine , the Supreme Court assessed a firearm prohibition applicable under 18 U.S.C. § 922(g)(9) to those persons convicted of misdemeanor crimes of domestic violence. The issue was whether the prohibition extended to those convicted of reckless conduct in addition to those convicted of intentional or knowing acts. 136 S.Ct. at 2276. The Court noted that in its previous decision in Leocal v. Ashcroft , 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), it had interpreted the "use of force" clause of 18 U.S.C. § 16 to exclude "merely accidental" conduct, but reserved ruling on whether § 16 reached reckless conduct.[5] Id. at 2279-80 ; see also Leocal , 543 U.S. at 13, 125 S.Ct. 377. Voisine followed the example set by Leocal and explicitly narrowed the holding not to include § 16 and declined to discuss any impact the Court's holding would have on the ACCA. The Court articulated:
Like Leocal , our decision today concerning § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior.
*1224 Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states . All we say here is that Leocal's exclusion of accidental conduct from a definition hinging on the "use" of force is in no way inconsistent with our inclusion of reckless conduct in a similarly worded provision.
Voisine , 136 S.Ct. at 2280 n.4 (emphasis added) (internal citation omitted).
Although the Ninth Circuit has held that reckless offenses fall outside of the ACCA, circuit court cases may be "effectively overruled" if an intervening higher authority has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable ." Miller v. Gammie , 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (emphasis added). The Government contends that Voisine represents just such an intervening case and that it effectively overrules the Ninth Circuit's earlier decisions.
I am not convinced. In Voisine , the Supreme Court clearly limited its holding to § 921(a)(33)(A) and unequivocally declined to extend it to § 16. 136 S.Ct. at 2280 n.4. The decision in Voisine was heavily influenced by policy concerns specific to the statute at issue; specifically, a policy of keeping firearms away from domestic abusers. Id. at 2280, ("Congress enacted [ 18 U.S.C.] § 922(g)(9) in 1996 to bar those domestic abusers convicted of garden-variety assault or battery misdemeanors-just like those convicted of felonies-from owning guns."). The Court was also sympathetic that, at the time the statute was enacted by Congress, "34 States plus the District of Columbia" used a "recklessness" standard for misdemeanor domestic violence. Id.
I agree with Judge Aiken's recent conclusion that the Ninth Circuit's prior decisions concerning reckless offenses are not "clearly irreconcilable" with Voisine . See United States v. Lewis , 284 F.Supp.3d 1152, 1158-59 (D. Or. 2018). The combination of the Court's policy consideration and severely limited holding, without any mention of the ACCA, does not demonstrate that Voisine has effectively overruled this circuit's explicit holdings that ACCA predicate convictions must be intentional or knowing offenses. While Voisine may present some "tension" with Ninth Circuit precedent, it is not "clearly irreconcilable" with those cases excluding reckless conduct as predicate offenses. Id. (discussing United States v. Benally , 843 F.3d 350, 354 (9th Cir. 2016) ). In fact, the Voisine Court expressly noted different statutes might be given "divergent readings" as to the requisite mental state due to the different purposes and contexts of the statutes. Id. (citing Voisine , 136 S.Ct. at 2280 n.4 ). While Voisine does not mention the ACCA, the purpose and context of the ACCA may well bring Ninth Circuit cases discussing recklessness in that context into harmony with the Supreme Court's holding in Voisine . Because Voisine is not "clearly irreconcilable" with Dixon , Lawrence , and Parnell , those cases remain binding on this Court. Id. at 1159. Accordingly, because an individual may be charged in Oregon with Assault IV for reckless conduct, the statute is overbroad.[6]
*1225 Proceeding to the second step in the analysis, Savath contends that the statute is indivisible.[7] Although the mens rea component of the statute contains a disjunctive, that does not end the analysis with the conclusion that the statute must be divisible. Dixon , 805 F.3d at 1198 ("A statute is not divisible merely because it is worded in the disjunctive."). As previously noted, the inquiry regarding a statute's divisibility is focused on state court interpretation of the statute. Mathis , 136 S.Ct. at 2256. For a conviction under ORS § 163.160, the jury need not be unanimous in regards to the defendant's mental state. See Oregon v. Chapman , 209 Or. App. 771, 777 n.4, 149 P.3d 284 (Or. Ct. App. 2006) (instructing the jury that if the defendant acted "intentionally, knowingly or recklessly" regarding the injuries they cause, then the jury should "find him guilty of fourth-degree assault"). Therefore, the statute is indivisible. Because a statute that is overbroad and indivisible may not serve as an ACCA predicate, Savath's Assault IV conviction does not qualifies as a predicate offense. See Descamps , 133 S.Ct. at 2285-86.
IV. The "Sentencing Package" Doctrine
Savath requests a full resentencing because, lacking the necessary predicate offenses, his current 300 month sentence on Count one is unconstitutional and exceeds the statutory maximum of 120 months for the non-enhanced offense of Felon in Possession of a Firearm. A court granting § 2255 relief on one count has the authority to resentence a defendant on all counts. United States v. Handa , 122 F.3d 690, 692 (9th Cir. 1997) ("When part of the sentence is set aside as illegal, the package is 'unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted."); United States v. Avila-Anguiano , 609 F.3d 1046, 1049 (9th Cir. 2010) ("When a defendant is sentenced to multiple counts and one of them is later vacated on appeal, the sentencing package becomes unbundled."). Because Savath lacks the predicate offenses to qualify for an enhanced sentence under the ACCA, Savath's sentence is vacated, pursuant to resentencing on all counts. Handa , 122 F.3d at 692.
CONCLUSION
For the reasons set forth above, Savath's Motion is GRANTED and his sentence is VACATED. The Marshal shall transfer Savath to Oregon for resentencing. The courtroom deputy will contact the parties to arrange an appropriate date for Savath's resentencing.
IT IS SO ORDERED.

Judge Michael R. Hogan sentenced Savath in 2009. The case was later reassigned to me.

ORS § 164.394 is Oregon Robbery III.

In this district, there has been disagreement about whether ORS § 164.415 is a divisible or an indivisible statute. Compare Ankeny , 2017 WL 722580 at *5 (determining that ORS § 164.415 is divisible) with Wicklund , 2016 WL 6806341 at *4 n.4 (failing to address if ORS § 164.415 was divisible because neither party argued that it was). Nevertheless, because the parties here both assume the statute is divisible, this Court does so as well. Furthermore, the result of the analysis is unaltered whether the statute is divisible or not.

When Savath was convicted in 2002, the enhancing subsection for Assault IV was located at (3)(c) rather than (3)(a). ORS 163.160 (2002). The wording is otherwise unchanged and, for the sake of clarity, I have referred to the current formulation of the statute throughout this opinion.

Other than the inclusion of uses of force against the property of another, the definition of "crime of violence" set out in § 16(a) closely mirrors that of the ACCA force clause:
The term "crime of violence" means-
(a) An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 16.

Similarly, the government's argument, raised during oral argument, that Oregon's Assault III qualifies as a predicate offense because although it requires reckless conduct, the reckless conduct there must be "under circumstances manifesting extreme indifference to the value of human life," is meritless. As noted, in the Ninth Circuit, reckless conduct does not qualify as a violent felony under the ACCA. Fernandez-Ruiz v. Gonzales , 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc ). In Oregon, the language in Assault III relied upon by the government "does not create an additional culpable mental state requirement for the offense." State v. Cook , 163 Or. App. 578, 582-83, 989 P.2d 474 (1999). Despite the additional "circumstances manifesting extreme indifference to the value of human life," Oregon's Assault III merely requires reckless conduct.

I note the government does not argue that ORS § 163.160 is divisible.