368 October 2, 2024 No. 707

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARC RODNEY POTTER,
*Defendant-Appellant.*

Coos County Circuit Court
22CR31724; A180409

Andrew E. Combs, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for, among other things, assaulting a public safety officer, ORS 163.208.[1] In a single assignment of error, defendant challenges the trial court's denial of his motion for judgment of acquittal (MJOA) on that count. We affirm.

"Before we reach the merits of whether the trial court erred in denying defendant's MJOA *** we must first determine whether defendant's challenge[] [was] preserved below." *State v. Reyes-Castro*, 320 Or App 220, 227, 511 P3d 1115, *rev den*, 370 Or 472 (2022); ORAP 5.45 (1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court ***."). "[P]reservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024). As relevant here, "for preservation purposes, [an] MJOA must identify, with specificity, alleged deficiencies in [the] state's proof." *State v. Jackson*, 212 Or App 51, 55 n 4, 157 P3d 239, *rev den*, 343 Or 206 (2007).

At trial, the sergeant who arrested defendant testified that when he tried to handcuff defendant, defendant "started kicking and punching and frolicking and [doing] everything he could do to not be put in handcuffs." The sergeant further testified that defendant "struck [him] with a closed fist in the right side of [his] head" and that he was later diagnosed with a "mild concussion." In addition, a deputy testified that he saw defendant "swinging his arms around and kicking his legs" while the sergeant tried to handcuff him. After the state rested its case, defendant moved for acquittal.

"[DEFENSE COUNSEL]:  Your Honor, at this time the defense would move for a judgment of acquittal, specifically on [assaulting a public safety officer]. The issue [the] defense will raise is *** regarding the issue of the

---

[1] "A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer *** and while the other person is acting in the course of official duty." ORS 163.208(1).

knowingly caused physical injury based on the definition that's been provided. Specifically, that [defendant] knew his conduct was assaultive and failed to be—the criminal negligence aspect of that element.

"The state's testimony is kind of—you have different testimony. You have [the deputy] who says he sees from his vantage point that—that [defendant] is kicking and swinging towards [the sergeant], but from his vantage point there's nothing that says there's a contact.

"During the scuffle, [the sergeant] testifies that he is struck in the head. We don't have any other dynamics about how this occurred, with what was leading up to it. So, the defense would submit that that aspect of the knowingly caused physical injury; that the state hasn't met that component of the statute."

That was defendant's entire argument. The state responded that the record contained evidence that defendant "knew his conduct was assaultive" because he "was swinging and kicking towards [the sergeant]," and that defendant had struck the sergeant "in the side of the head with a closed fist." The state further argued that a "strike to the head is at the very least a failure to be aware of substantial and unjustifiable risk that his conduct would cause physical injury if it was not an intentional act." The trial court denied the motion.

The trial court later instructed the jury that the state was required to prove, among other elements, that defendant "knowingly caused physical injury to [the sergeant]." The trial court defined "knowingly caused physical injury" to mean that "[defendant] knew his conduct was assaultive and failed to be aware of a substantial and unjustifiable risk that his conduct would cause physical injury to [the sergeant]." Further, the court defined "assaultive conduct" as "[a]ggressive behavior that is consistent with causing an injury." The jury found defendant guilty, and this appeal followed.

On appeal, we understand defendant to argue that the state failed to prove that his conduct was "aggressive," and, therefore, that the state did not establish that he "knowingly caused physical injury." Specifically, defendant argues that because the common meaning of "aggression" is "a culpable unprovoked overt hostile attack," the state failed

to satisfy its burden because "no reasonable juror could find that defendant knew his conduct was a culpable unprovoked hostile attack." The state responds that defendant did not preserve that argument because "[c]hallenging whether conduct was knowing is not the same as arguing that the conduct was permissible because it was provoked." We agree with the state's argument.

We conclude that defendant's argument is not preserved because it "has a fundamentally different focus from his argument at trial." *State v. Serrano*, 355 Or 172, 178, 324 P3d 1274 (2014), *cert den*, 135 S Ct 2861 (2015). The focus of defendant's argument to the trial court is not entirely clear. However, based on that argument, and the state's response, we understand defendant to have argued that the evidence did not permit an inference that defendant acted with a culpable mental state when he struck the sergeant. In contrast, defendant now focuses on whether his conduct was "aggressive" under the common meaning of the term and specifically argues that "no reasonable juror could find that defendant knew his conduct was a culpable unprovoked hostile attack" because the sergeant's "attempt to arrest defendant plainly provoked defendant's subsequent conduct." Defendant never advanced that argument to the trial court. Although his trial and appellate arguments concern the same element of the crime, they are "qualitatively different." *State v. Gray*, 286 Or App 799, 806, 401 P3d 1241, *rev den*, 362 Or 482 (2017) ("[T]he presence of a common thread between an objection at trial and an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different." (Internal quotation marks omitted.)); *see also State v. Gaines*, 275 Or App 736, 744, 365 P3d 1103 (2015) (concluding that even though defendant presented the same "overarching legal principle," "the 'common thread' between the position he advanced at trial and the issue he presents on appeal is too remote to give the trial court and the state enough information to have understood defendant's current argument").

Finally, "we do not engage in 'plain error' review because defendant does not request it." *State v. Ardizzone*, 270 Or App 666, 667, 349 P3d 597, *rev den*, 358 Or 145 (2015).

Affirmed.