Argued September 20, affirmed November 8, reconsideration denied
December 15, 1976, petition for review denied February 15, 1977

STATE OF OREGON, *Respondent,*

*v.*

CHARLES FREDERICK MORTENSON, *Appellant.*

(No. 46810, CA 6139)

555 P2d 940

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal in a criminal case from a conviction for unauthorized use of a vehicle. The indictment charged alternative counts of violation of ORS 164.135 which provides in pertinent part:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner; or

"* * * * *

"(c) Having custody of a vehicle, boat or aircraft pursuant to an agreement with the owner thereof whereby such vehicle, boat or aircraft is to be returned to the owner at a specified time, he knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.

"* * * * *."

Count I charged under subsection (a) that between October 11, 1975, and November 12, the defendant did "unlawfully and knowingly take, operate and exercise control over a vehicle * * * without the consent of the owners * * *." Count II charged under subsection (c) that between October 11, 1975, and November 12, he did "unlawfully and knowingly retain and withhold possession of a vehicle * * *," having custody pursuant to an agreement to return the vehicle on October 11, but retained without consent for "so lengthy a period beyond the specified time as to render such retention and withholding of possession a gross deviation from the agreement."

At the conclusion of the state's case-in-chief, defendant moved for a judgment of acquittal under Count I because the alleged unlawful taking had not been proved. His motion was denied and he assigns that ruling as error.

The state's evidence, confirmed by the defendant, is

that the vehicle came into defendant's possession lawfully, with the consent of the owners. The defendant asked the owners to rent their motor home to him for a business trip to Tennessee. The owners had previously arranged to have the vehicle repaired in Nampa, Idaho. It was agreed that defendant would rent the vehicle for ten days, during which he agreed to have the vehicle repaired in Nampa. The cost of repair was to be credited against the rental fee. Defendant left for Nampa on October 4, 1975, the repair work was finished on October 6, and the defendant returned to Albany, Oregon, on October 8.

At this point, the testimony offered by the state differs from the defense. The owners testified that there was no agreement to allow the defendant use of the vehicle beyond the ten-day period or to take the vehicle anywhere after it had been repaired and returned. The defendant telephoned the owners on October 8 to say that he was going to return the vehicle shortly. On October 11 they found a note from defendant saying "see you later." They received a postcard from the defendant from Tennessee on October 20, on which day they also filed a complaint with the Oregon State Police. The defendant called them on November 12 from California, on which day an arrest warrant was issued. During the next two weeks the owners and the defendant spoke by telephone five times. The owners testified that they demanded that the defendant return the vehicle and the defendant promised that he would promptly do so. The vehicle was finally returned by the defendant on November 28, 1975.

Defendant testified that the telephone calls were to keep the owners informed of his whereabouts and that they consented to his extended travels.

We held in *State v. Jim/White*, 13 Or App 201, 508 P2d 462, *rev den* (1973), that an indictment which charges a defendant with "theft" need not enumerate the manner or means of committing that theft. That

rule applies equally to the crime of unauthorized use of a vehicle. Where an indictment lists alternative means of commission of one crime, clarification of problems arising from surplus, inconsistent or unproved allegations of means of commission of the crime should properly be dealt with by rulings on a motion for judgment of acquittal made at the proper time or by appropriate instructions and forms of verdict.

■ Here, there was an array of alternative allegations unnecessarily set out in two counts, and a failure to deal with an unproved allegation when challenged by defense counsel. There was no proof of the allegation of unlawful taking. To the contrary, all of the evidence shows that the vehicle came into defendant's possession with the consent of the owners. The court was obliged to remove the issue of unlawful taking from the jury's consideration. This might have been accomplished either by granting of the motion for judgment of acquittal as to taking or it could have been done by proper instruction to the jury, still leaving for their consideration the remaining alternative allegations of Count I, that the defendant did "unlawfully and knowingly * * * operate and exercise control over a vehicle * * * without consent of the owners."

It should be noted that the motion for judgment of acquittal was directed to the entirety of Count I and that there was no request for an instruction restricting the jury's consideration or exception to the court's failure to so instruct. Nevertheless, the point was clearly made by counsel that the issue of unlawful taking should have been taken from the jury and it was error to fail to do so in some appropriate manner.

The next issue is whether the error was prejudicial. The indictment charges that the crime was committed between October 11 and November 12, i.e., after defendant had returned from Idaho. The only issue of fact presented by the evidence for jury resolution was whether defendant's use of the vehicle after October

11 was with or without the consent of the owners and the case was tried entirely around that sole factual conflict. The court did not define "take" to the jury and that word's meaning in common parlance would include taking the vehicle on extended travels about the country. Had the court defined "take" in its technical sense as an element of larceny, the state's burden would have been increased rather than lessened. The grade of offense is not affected. In sum, the record is clear that the jury knew exactly what they were to decide and did so, without any reasonable possibility of prejudicial effect from the error.

Affirmed.