Submitted November 18, 2009, reversed and remanded on conviction for
unauthorized use of a vehicle; otherwise affirmed May 26, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NATHEN LAMAR PIERCE,
*Defendant-Appellant.*

Douglas County Circuit Court
07CR0007FE; A136976

232 P3d 978

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Defendant appeals a judgment of conviction for, among other crimes, unauthorized use of a vehicle, ORS 164.135. On appeal, he asserts three assignments of error, two of which we reject without discussion. We write to discuss only defendant's contention that the trial court erred by instructing the jury on elements of unauthorized use of a vehicle (UUV) that were not alleged in the indictment, in violation of Article VII (Amended), section 5, of the Oregon Constitution. For the reasons that follow, we reverse and remand.

We review the jury instructions for errors of law. *State v. Rennells*, 213 Or App 423, 425, 162 P3d 1006 (2007). In determining whether an instructional error requires reversal, we assess potential prejudice by considering the jury instructions as a whole. *Id.* at 426.

Penegor discovered that his white truck was missing from his Goshen business one morning and reported it stolen. That same morning, a witness saw two men and a woman driving away from a burglarized house in Elkton in a white truck that was identified as Penegor's by the license plate number. The truck was carrying a washer, a dryer, and windows that had been stolen from a home in Drain. About an hour after that, the police stopped Penegor's truck in Reedsport and arrested a woman, who was driving the truck, along with defendant and another passenger. Nothing about the physical appearance of the truck indicated that it had been stolen: the ignition had not been tampered with, and the truck had its keys.

A grand jury indicted defendant, alleging seven crimes, including UUV. ORS 164.135(1) provides, in part:

"A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, exercises control over, rides in, or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]"

Count 1 of the indictment alleged, in part, that defendant "did unlawfully and knowingly *take* a vehicle, to-wit: a Ford

pick-up without the consent of the owner." (Emphasis added.) The indictment alleged only a taking and did not mention any of the other means of committing UUV specified in ORS 164.135(1).

The state's theory was that defendant participated with two others in taking the truck in Goshen and then using it in their efforts to steal property from the houses in Elkton and Drain. Defendant testified that he did not drive Penegor's truck or participate in stealing it, but rather that his friends already had the truck when he met them that morning. When the trial judge instructed the jury on Count 1, he gave—at the state's request—the uniform instructions on UUV "by taking" and UUV by "alternate means":

"[THE COURT:]   Okay, we're talking about Unauthorized Use of a Vehicle which is Count 1. Oregon law provides that a person commits the crime of Unauthorized Use of a Vehicle when the person knowingly takes another's vehicle without the consent of the owner.

"In this case to establish the crime of Unauthorized Use of a Vehicle the State must prove beyond a reasonable doubt the following four elements:

"The act occurred in Douglas County, Oregon, on or about November 5 of the year 2006. And that the defendant, Mr. Pierce, knowingly took a vehicle, the property of another person, and that finally he did not have the consent of the owner to do that, and that owner is alleged to be David Penegor.

"Okay. The crime of Unauthorized Use of a Motor Vehicle can be committed by either taking, operating, exercising control over, riding in or by otherwise using the vehicle. Proof of any means is sufficient to sustain a conviction."

Defendant objected to instructing the jury that UUV can be committed by means other than "taking," the only means alleged in the indictment. The trial court rejected defendant's argument, taking the state's view that listing the alternate means in the indictment is not a prerequisite to including them in the jury instruction. The court instructed the jury over defendant's objection, and the jury found defendant guilty of UUV.

■ On appeal, defendant renews his argument that, because the indictment alleged only one means of committing UUV ("tak[ing] a vehicle"), it was a violation of Article VII (Amended), section 5, of the Oregon Constitution[1] for the trial court to instruct the jury on other means of committing that offense. Defendant cites *State v. Mortenson*, 27 Or App 265, 269, 555 P2d 940 (1976), *rev den*, 277 Or 99 (1977), as support for his view that the various means of committing UUV set forth in ORS 164.135(1)(a) "were not intended by the legislature to mean the same thing." He contends that the jury instruction added substantively different means of committing the crime not considered by the grand jury and thereby violated the constitutional prohibition against amendments that alter the essential nature of the indictment. *See State v. Pachmayr*, 344 Or 482, 490-91, 185 P3d 1103 (2008) (discussing whether an amendment to an indictment is one of form or substance).

The state essentially concedes, and we agree, that, "for purposes of the UUV statute, if the indictment alleges just one of the various means of committing that crime, * * * then it is improper to instruct the jury on other means specified by the statute, insofar as those other means are substantively different from the means alleged in the indictment." The jury here was instructed that it could convict defendant of committing UUV by means of "taking, operating, exercising control over, riding in or by otherwise using the vehicle," when the indictment alleged UUV only by "tak[ing]" the vehicle. Because those additional bases for a conviction were not alleged in the indictment, the instruction permitted a conviction on an unindicted crime. Accordingly, the trial court's instruction to the jury violated Article VII (Amended), section 5. *See State v. Alben*, 139 Or App 236, 241-43, 911 P2d 1239, *rev den*, 323 Or 153 (1996).

---

[1] Article VII (Amended), section 5, of the Oregon Constitution provides, in part:

"(3) * * * [A] person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"* * * * *

"(6) * * * The district attorney may file an amended indictment * * * whenever, by ruling of the court, an indictment * * * is held to be defective in form."

The state contends, however, that any error was harmless in light of the instructions as a whole and the manner in which the UUV question was tried to the jury. Specifically, the state argues that the jury must have based defendant's UUV conviction solely on whether he *took* the truck and not on whether defendant committed the other means of UUV, because the paragraphs preceding the challenged portion of the jury instruction focused only on whether defendant took the truck.

The record does not support the state's view. In determining whether instructional error requires reversal, we assess potential prejudice by considering the jury instructions as a whole. *Rennells*, 213 Or App at 426. Although some portions of the jury instructions concerning UUV refer only to taking, the instructions nevertheless list additional means of committing UUV and state that "[p]roof of any means is sufficient to sustain a conviction." Those instructions permitted the jury to convict even if they found—as they could have, based on defendant's testimony that his friends were driving the truck and a police officer's testimony that defendant was riding in the truck with two other people when the officer stopped them—that the state proved that defendant rode in the truck but that the state did not prove beyond a reasonable doubt that defendant took Penegor's truck. The instructions as a whole did not cure the error.

■      The state further contends that the manner in which the parties presented the UUV issue to the jury rendered any error harmless because, in its opening statement and closing argument, the state focused solely on the taking of the truck, as did defendant's counsel in closing argument. However, counsel's arguments are no substitute for proper instructions. *See State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). As is typical, the trial court told the jurors to "[b]ase [their] verdict on the evidence and these instructions," not the arguments of the lawyers, and jurors are presumed to follow a trial court's instructions. *State v. Walton*, 311 Or 223, 250, 809 P2d 81 (1991). Accordingly, we reverse and remand defendant's conviction for unauthorized use of a vehicle.

Reversed and remanded on conviction for unauthorized use of a vehicle; otherwise affirmed.