Submitted April 1, reversed and remanded August 3, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LAURA ANN WARREN,
*Defendant-Appellant.*

Curry County Circuit Court
14CR0566; A158175

380 P3d 1191

Cynthia Lynnae Beaman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for hindering prosecution, ORS 162.325. An officer received a report that a man who had been implicated in a theft was living at defendant's home. The officer went to defendant's home, contacted defendant, and asked to speak to the man. Defendant responded that the man was not at her home. While the officer was speaking to another person outside of defendant's home, the man whom the officer was seeking came out of the home and gave the officer a false name. The officer suspected that the man who had come out of defendant's home was the man whom the officer was trying to locate, but defendant insisted that the officer was mistaken. Police subsequently learned that the man inside the home was the man whom they were seeking. Defendant made incriminating statements when the police returned to her home to arrest the man.

The state charged defendant by indictment with hindering prosecution, alleging that she had "hindered the apprehension of" the man by "conceal[ing]" him. The case went to trial, and the state asked the court to instruct the jury that it could convict defendant of hindering prosecution if it found that defendant had "harbored or concealed" the man or had "prevented or obstructed, by means of force, intimidation, or deception, anyone from performing an act that might aid in the discovery or apprehension of" the man. Defendant objected to the state's proposed instruction on the ground that it would permit the jury to convict her on a theory that had not been alleged in the indictment. The trial court nevertheless gave the instruction. The state argued to the jury that it could find defendant guilty on either of the theories on which the court instructed it. The jury found defendant guilty, and the trial court entered a judgment of conviction. Defendant appeals, arguing that the trial court erred in instructing the jury that it could find her guilty on a basis that was not alleged in the indictment. The state concedes that the court erred and that the error was not harmless.

We accept the state's concession. A jury instruction that tells the jury that it may convict a defendant on a basis

that was not alleged in the indictment violates Article VII (Amended), section 5, of the Oregon Constitution. *State v. Pierce*, 235 Or App 372, 376, 232 P3d 978 (2010). The jury instructions in this case told the jury that it could convict defendant of hindering prosecution if it found that she had prevented or obstructed anyone from performing an act that might aid in the discovery or apprehension of a person who has committed a felony. The problem with that instruction is that the indictment alleged only that defendant had committed the crime by concealing the man in her home. We agree with the state that we cannot conclude that there was little likelihood that the error affected the verdict because, among other things, the state explicitly argued to the jury that it could convict defendant on either theory.

Reversed and remanded.