600 February 7, 2024 No. 77

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PEDRAM DAHL AHRAR,
*Defendant-Appellant.*

Marion County Circuit Court
20CR46616; A178387

Thomas M. Hart, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Conviction on Count 1 reversed and remanded; otherwise affirmed.

**EGAN, J.**

Defendant was convicted of fleeing or attempting to elude a police officer, ORS 811.540 (Count 1). On appeal, defendant raises two assignments of error. Defendant argues, in his first assignment of error, that the trial court erred when it denied his motion for judgment of acquittal. In his second assignment of error, defendant argues that the trial court plainly erred by instructing the jury about ORS 161.405(1)'s definition of inchoate "attempt." For the reasons set forth below, we conclude that the trial court plainly erred by instructing the jury on the statutory definition of inchoate "attempt" for the purpose of informing the jury's application of the elements of fleeing or attempting to elude a police officer under ORS 811.540. Therefore, we reverse and remand for a new trial on Count 1.

In defendant's first assignment of error, he argues that the trial court erred by denying his motion for judgment of acquittal because the state failed to present evidence that defendant had attempted to elude the officer. Defendant argues that that assignment of error is preserved because the trial court denied defendant the ability to elaborate on his motion by first delaying the motion for judgment of acquittal, and then once heard, ruling on the motion before defendant's counsel had fully explained her argument. Alternatively, defendant argues that, even if this issue is not preserved, we should conclude that the trial court plainly erred by denying the motion for judgment of acquittal. The state responds that the trial court did not err for two reasons. First, because defendant failed to adequately preserve this argument for appeal as defendant only argued that the state's evidence was insufficient to prove that defendant fled from the officer rather than attempted to elude the officer. Second, regardless of preservation, that there was no error, plain or otherwise, because the evidence presented by the state was sufficient for a rational trier of fact to have found that defendant attempted to elude the officer.

When reviewing "a trial court's ruling on a motion for judgment of acquittal, we state the facts in the light most favorable to the state, reviewing those facts to determine whether a rational trier of fact could have found the

essential element of the crime beyond a reasonable doubt." *State v. Ortiz-Saldana*, 288 Or App 230, 231, 406 P3d 61 (2017) (internal quotation marks omitted). "The sufficiency of the evidence is a question of law[.]" *State v. Reynolds*, 250 Or App 516, 520, 280 P3d 1046, *rev den*, 352 Or 666 (2012).

Viewed consistently with that standard of review, the record establishes the following relevant facts. On May 22, 2020, Captain Boatner saw defendant driving a vehicle; based on prior interactions with defendant, Boatner knew that defendant's license was suspended and confirmed that with dispatch before deciding to stop defendant. Around 7:45 p.m., Boatner, wearing his uniform and badge, initiated a traffic stop near a safe spot to legally pull over by first turning on the overhead lights of his marked patrol car. Defendant did not stop and kept driving at about 17 to 18 miles per hour past several areas where he could legally pull over and park. About 15 seconds after turning on his overhead lights, Boatner "chirped" the sirens about four times to alert defendant to stop. About 30 seconds after turning on his overhead lights, Boatner fully turned on his sirens. Boatner also pulled up alongside defendant's vehicle, made hand signals to indicate that he wanted defendant to pull over, and then pulled back behind defendant's vehicle and continued to follow defendant. Defendant continued to drive at 17 to 18 miles per hour on the same road until he reached the end of the road and came to a stop. Boatner had pursued defendant for about a minute and a half and had covered a distance of about half a mile during the pursuit.

After defendant stopped the vehicle, Boatner quickly approached defendant and placed defendant in handcuffs. While placing defendant in handcuffs, Boatner asked defendant why he did not stop to which defendant responded, "I don't answer questions." Later on, defendant told Boatner that he stopped where he did because his mother lived at the end of that road.

The state charged defendant with attempting to elude a police officer, ORS 811.540. The indictment alleged that defendant "did unlawfully and knowingly, while still in the vehicle, attempt to elude a pursuing police officer."

During the jury trial, Boatner testified that he quickly approached the vehicle after defendant stopped because he expected, due to the slow speed chase, that defendant might have been preparing to run on foot, or that defendant had been hiding something.

After the presentation of the state's case, the trial court "deferred" the time for a motion for a judgment of acquittal. Following closing arguments and jury instructions, the court asked that the motion be made, and defendant moved for a judgment of acquittal. Defendant's counsel stated:

> "I would like to make that motion, Your Honor. I don't think that any reasonable juror will determine that a half a mile at 17 miles an hour is an attempting to flee—an attempt to flee law enforcement, knowing that he is going to a dead-end where his mother lives, and not taking any other available routes. I—"

Cutting defense counsel off midsentence, the trial court ruled: "I think that is a question of fact for the jury. I do understand, I can't say that I necessarily disagree a ton with that, but that's a question for which the jury can [decide]. *** I think a reasonable jury could make that finding." Ultimately, following jury deliberation, defendant was convicted by unanimous jury verdict.

We begin with the issue of preservation. "[T]he rule of preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011) (internal quotation marks omitted). Preservation "also ensures fairness to opposing parties, by requiring that the positions of the parties are presented clearly to the initial tribunal so that parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Id*. (internal quotation marks omitted).

Here, the state is correct that defendant has failed to preserve his argument because the argument presented to the trial court was qualitatively different than the one presented on appeal now. Below, defendant argued during

the motion for judgment of acquittal that the state failed to present sufficient evidence showing that defendant fled from the officer, not that the state failed to present sufficient evidence to support the allegation in the indictment as defendant argues now on appeal. *See State v. Jackson*, 212 Or App 51, 55, 157 P3d 239, *rev den*, 343 Or 206 (2007); *State v. Wyatt*, 331 Or 335, 342-43, 15 P3d 22 (2000); *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). Furthermore, defendant never objected to the state's repeated statements that the jury should find defendant guilty of fleeing or attempting to elude a police officer. Therefore, for the reasons stated above, defendant's first assignment of error is unpreserved.

If an argument is unpreserved, we may review for plain error. To review for plain error, several requirements must be met: The error must be (1) an error "of law"; (2) that is "apparent," meaning the legal point is obvious and not reasonably in dispute; and (3) appears "on the face of the record." *Reynolds*, 250 Or App at 519-20. In other words, we must not need to go outside the record or choose between competing inferences to find it, and the facts that comprise the error must be irrefutable. *Id.* at 520.

Defendant argues that the trial court plainly erred by denying his motion because the state failed to present sufficient evidence that defendant attempted to elude a pursuing police officer. Essentially, defendant is arguing that the state charged defendant with eluding a police officer, but presented evidence that defendant attempted to flee from a pursuing officer. We agree with defendant that the state cannot charge a crime one way and then prove it another way. *State v. Medina*, 357 Or 254, 267, 355 P3d 108 (2015) ("The state is limited to the substantive allegations in the indictment."). However, here, the court did not plainly err because the record demonstrates a reasonable dispute as to whether the evidence presented by the state was sufficient to support a theory that defendant attempted to elude a pursuing police officer.

A person is guilty of fleeing or attempting to elude a police officer if the person "knowingly flees or attempts to elude a police officer." ORS 811.540(1). In *State v. Cave*, we determined that the plain meaning of "flee" is to "to

run away from; endeavor to avoid or escape from or to leave abruptly: depart from suddenly or unexpectedly." 223 Or App 60, 67-68, 195 P3d 446 (2008), *rev den*, 345 Or 690 (2009) (internal quotation marks omitted). We also determined that the plain meaning of "elude" is "to escape the notice or perception of." *Id*. at 68. Therefore, a defendant is guilty of ORS 811.540 when running away from or attempting to escape the notice or perception of a police officer.

Here, defendant's actions could have permitted a reasonable jury to find that he attempted to elude Boatner. That is because defendant driving slowly to the end of a road is not inconsistent with attempting to elude Boatner as defendant could have been driving slowly to delay the stop so that he can hide something without Boatner's notice or as preparation to escape Boatner by running away on foot. Therefore, the trial court did not plainly err when it denied defendant's motion as the record demonstrates a reasonable dispute as to whether the facts could have permitted a jury to find that defendant attempted to elude Boatner. *Reynolds*, 250 Or App at 519-20 (The error must be (1) an error "of law"; (2) that is "apparent," meaning the legal point is obvious and not reasonably in dispute; and (3) appears "on the face of the record").

In his second assignment of error, defendant argues that the trial court plainly erred by instructing the jury on the inchoate crime of attempt. The state does not dispute that it was plain error to instruct the jury on the inchoate crime of attempt but argues that the error was harmless and therefore we should not exercise our discretion to correct the error.

Jury instructions are reviewed for errors of law. *State v. Pierce*, 235 Or App 372, 374, 232 P3d 978 (2010). As noted above, if an argument is unpreserved, as this one is, we may review for plain error. As also noted above, to review for plain error, several requirements must be met: The error must be (1) an error "of law"; (2) that is "apparent," meaning the legal point is obvious and not reasonably in dispute; and (3) appears "on the face of the record." *Reynolds*, 250 Or App at 519-20.

In *State v. Rapp*, we determined that ORS 811.540(1) does not require an "intentional" mental state as "the mere inclusion of the word 'attempts' in a statute does not always signify legislative intent to use that word in the sense associated with inchoate crimes" and that nothing in ORS 811.540(1) demonstrates a legislative intent "to incorporate ideas associated with inchoate crimes—in particular, the requirement of an intentional mental state—into the statute." 306 Or App 265, 274-275, 473 P3d 1126, *rev den*, 367 Or 291 (2020). Based on *Rapp*, we conclude that the trial court plainly erred by instructing the jury on a definition of "attempt" drawn from the inchoate crime of attempt as defendant was not charged with any inchoate crimes.

Defendant argues that this error was harmful because this error lessened "the state's burden of proof in a critical way by permitting the jury to treat a substantial step toward an unrealized intention as a completed offense." The state argues that this error was harmless as it was unlikely to have affected any findings the jury made on the attempt to elude theory of conviction because

> "if the jury found that defendant was trying to hide something, then the failure to stop was a successful effort at escaping the officer's notice by itself, rather than a step towards that goal. And if the jury found that defendant was planning to escape on foot, his failure to stop amounted not to a partial effort towards escape but a foiled one—defendant failed to escape only because the officer 'got out pretty quickly' once defendant's vehicle came to a stop."

Here, the error is not harmless as the instructional error created "an erroneous impression of the law" that lessened the state's burden of proof because ORS 811.540 does not require a "substantial step" towards eluding as instructed, but rather requires that a person *knowingly* attempt to escape the notice or perception of a police officer. *Pierce*, 235 Or App at 377 ("In determining whether instructional error requires reversal, we assess potential prejudice by considering the jury instructions as a whole."); *State v. Ramoz*, 367 Or 670, 704-05, 483 P3d 615 (2021) ("Instructional error is not harmless if it probably created an erroneous impression of the law in the minds of the jury

and if that erroneous impression may have affected the out-come of the case." (Citation and internal quotation marks omitted.)).

As we have determined that the error was not harm-less, we must determine whether to exercise our discretion to reach the error and correct it. *Reynolds*, 250 Or App at 521. Among the considerations relevant to that determina-tion are:

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the par-ticular case; how the error came to the court's attention; and whether the policies behind the general rule requir-ing preservation of error have been served in the case in another way * * *."

*Id*. Here, although defendant does not argue that his failure to raise and preserve his argument was justifiable, the state does not suggest, nor does the record indicate, that with-holding an objection was a strategic decision. Additionally, correction serves the ends of justice in that, as stated above, the instructional error was not harmless and likely lowered the state's burden of proof and the conviction at issue in this case is a felony. Therefore, we conclude that the instruc-tional error requires reversal of defendant's conviction and remand for a new trial.

Conviction on Count 1 reversed and remanded; otherwise affirmed.