No. 324 April 9, 2025 641

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN MICHAEL LANDER,
*Defendant-Appellant.*

Douglas County Circuit Court
21CR12838; A179525

George William Ambrosini, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.*

PAGÁN, J.

Affirmed.

_____

\* Powers, J., *vice* Mooney, S. J.

**PAGÁN, J.**

A jury convicted defendant of first-degree burglary for entering his father's neighbor's cabin and taking several items valued at more than $1,000. On appeal, defendant contends that the trial court plainly erred when it failed to instruct the jury that an element of first-degree burglary was that defendant knowingly entered or remained unlawfully in the victim's dwelling, as had been alleged in the indictment. Defendant further contends that the error was not harmless because the evidence showed that "defendant had visited [the] cabin [before] and gone hunting with [the victim] on previous occasions." For the reasons explained below, we affirm.

To qualify for plain-error review, an error must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). In deciding whether the alleged legal error is beyond all reasonable dispute, the pertinent question is "whether the trial court plainly erred" by not *sua sponte* instructing the jury as defendant has argued. *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796 (2014), *rev den*, 355 Or 751 (2014) (discussing proper inquiry). It is a matter of discretion whether we will correct a "plain" error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

To prove that defendant committed first-degree burglary, the state had to establish that defendant entered or remained unlawfully in a dwelling with the intent to commit a crime therein. *See* ORS 164.225(1) (defining first-degree burglary as second-degree burglary with entry into a dwelling); ORS 164.215(1) (defining second-degree burglary as entry into a building with "intent to commit a crime therein").

In this case, the indictment alleged that defendant "unlawfully and knowingly enter[ed] and/or remain[ed in] a dwelling *** with the intent to commit the crime of theft therein." However, when the trial court instructed the jury regarding the elements of first-degree burglary, it omitted the knowing mental state, stating that the state simply had

to prove that defendant "entered or remained unlawfully in the [victim's cabin]."[1] As such, defendant asserts that the court plainly erred when it failed to instruct the jury on the knowing mental state, consistent with the indictment. *See State v. Nelson*, 241 Or App 681, 688-89, 251 P3d 240 (2011), *rev dismissed*, 354 Or 62 (2012) ("[B]ecause the state indicted [the] defendant referring solely to a 'knowing' mental state, * * * the state was required to prove that [the] defendant acted with a 'knowing' mental state with respect to all material elements of the crimes."). For its part, the state does not dispute that a knowing mental state attached to the act of entering or remaining. Rather, it argues that "entering or remaining unlawfully" arguably constitutes two elements rather than a single conduct element, and for that reason, the trial court's failure to instruct the jury as defendant suggests does not constitute plain error.

Defendant is correct that, because the indictment alleged that defendant "unlawfully and knowingly" entered the dwelling, the state was required to prove that defendant *knowingly* entered or remained in the cabin. *See State v. Lucero*, 265 Or App 328, 331-32, 335 P3d 1275, *rev den*, 356 Or 575 (2014) (when the state alleges that a defendant acted "knowingly," the state "must prove not only that the entry was not licensed or privileged in fact, but also that the defendant was aware of that fact"); *see also State v. Hartfield*, 290 Or 583, 595, 624 P2d 588 (1981) (holding that, in order for the state to establish that the entry was not otherwise licensed or privileged, "[t]he state must prove that the person extending the permission or invitation was without actual authority to do so and that the entrant knew or believed there was no such authority"). As such, the trial

---

[1] In full, the trial court provided the jury with the following text, defining the elements of first-degree burglary:

"Burglary in the First Degree—Dwelling. Oregon law provides that a person commits the crime of Burglary in the First Degree if the person enters or remains unlawfully in a dwelling with the intent to commit a crime therein.

"In this case to establish the crime of Burglary in the First Degree the State must prove, beyond a reasonable doubt, the following elements[:] (1) The act occurred on or about August 27th of 2018. (2) [Defendant] entered or remained unlawfully in [the victim's cabin]. (3) [The victim's cabin] is a dwelling. And (4) at the time of entering or remaining unlawfully [defendant] had the intent to commit the crime of Theft therein."

court plainly erred by not instructing the jury that one of the elements of first-degree burglary was that defendant acted knowingly. *See State v. Warren,* 280 Or App 164, 165-66, 380 P3d 1191 (2016) ("A jury instruction that tells the jury that it may convict a defendant on a basis that was not alleged in the indictment violates Article VII (Amended), section 5, of the Oregon Constitution."); *State v. Pierce*, 235 Or App 372, 376, 232 P3d 978 (2010) (accepting the state's concession that the trial court improperly instructed the jury that it could find the defendant guilty based on alternative theories that were not alleged in the indictment).

However, even though the trial court's instructions were plainly erroneous, we do not consider this to be an appropriate case for us to exercise our discretion to correct a plain error. *See State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022) (stating that "utmost caution" must be exercised when deciding to correct a plain error); *see also Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382, 823 P2d 956 (1991) ("A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution."). A trial court's failure to give a culpable mental state instruction is not a basis for reversal if there is no possibility that the error affected the jury's verdict, because in such cases the error is harmless beyond a reasonable doubt. *See State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023) (applying federal harmless error test because the failure to instruct the jury on a required culpable mental state for an element is a federal constitutional error). Further, even when we have concluded that the failure to give such an instruction did not meet the standard for harmless error, we have declined to exercise discretion to correct the error where the likelihood that it affected the jury's verdict was "extremely low." *See State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023) (declining to exercise discretion to correct plainly erroneous lack of mental state instruction, even though the error was not legally harmless, because of the "extremely low likelihood" that error affected the verdict).

Viewing the record as a whole—given the evidence presented, defendant's theory of the case, and the instructions that were given—we conclude that the likelihood that

the trial court's alleged instructional error effected the verdict is extremely low. The record shows that during the trial, evidence was presented showing that because of the cabin's remote location, the person who entered and stole the items was likely a person with knowledge that the cabin existed. It was also established that defendant's father lived on the property next to the victim's cabin, and that defendant knew the victim through his father and that the cabin was not the victim's full-time residence. On the day that the victim discovered that his cabin had been burglarized, he observed tire tracks running from his cabin up the hill and onto defendant's father's property. Evidence was further presented revealing that, after the burglary, defendant pawned two items taken from the victim's cabin at a local pawn shop.

Defendant never disputed that he was not licensed or privileged to enter the victim's cabin. Rather, defendant's theory of the case, was that someone else committed the burglary.[2] Consequently, because it was undisputed that whoever entered the cabin did so without license or privilege, the jury was not asked to consider whether the victim had permitted defendant to enter the cabin.

Further, the trial court instructed the jury that it had to find that defendant acted with an awareness of the circumstances that he was entering and remaining in the cabin with the intent to commit theft. With respect to defendant's knowledge and entering or remaining unlawfully, the jury was instructed that:

> Knowingly and With Knowledge. A person acts knowingly or with knowledge if that person acts with an awareness that a particular circumstance exists. When used in the phrase did unlawfully and knowingly enter and/or remain in a dwelling[,] knowingly or with knowledge means that the person acts with an awareness that he is entering and remaining in a dwelling with the intent to commit the crime of Theft therein.

---

[2] We acknowledge that defense strategy can adapt throughout trial to respond to adverse rulings, and thus an assessment of the impact of an error should bear in mind that, without the error, trial strategy may have been different. However, in the context of plain error review, where there was no adverse ruling during the course of trial, we are comfortable considering the defense theory of the case in assessing the impact of an error.

The jury was then instructed on the elements of first-degree burglary, including that defendant "entered or remained unlawfully" in the cabin. Finally, the jury was instructed that "enter or remain unlawfully" meant: "To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant, or when the entrant is not otherwise licensed or privileged to do so." From those instructions, the jury was instructed that it had to find that defendant acted with an awareness that he entered the cabin for an unlawful purpose. When read together, all of the instructions make it unlikely that the addition of a mental state instruction in the first-degree burglary elements would have impacted the verdict. This is compounded with the fact that defendant's theory of the case appeared to include the presentation of instructions that the court ultimately gave, allowing for a reasonable inference that if defendant believed that his theory required such an additional instruction, he would have requested it. That is, in determining whether the error was harmless, we note that defendant's theory, which was unaffected by any trial court rulings, never relied on challenging the mental intent when entering the premises.

Viewing the record as a whole—given the evidence presented, defendant's theory of the case, and the instructions that were given—we conclude that the likelihood that the trial court's instructional error effected the verdict is extremely low. *See Horton*, 327 Or App at 266 (declining to exercise discretion to correct plainly erroneous lack of mental state instruction because of the "extremely low likelihood" that the error affected the verdict.). Because there is no practical possibility that defendant was harmed by the trial court's instructional error, that error is not grave, and we decline to exercise our discretion to reverse the conviction.

Affirmed.